Robert B. Mobasseri (SBN 193193)
    E-Mail: robertm@mobasserilaw.com
David Alan Cooper (SBN 190203)
    E-Mail: DCooper@MobasseriLaw.com
Barbara A. Rohr (SBN 273353)
    E-Mail: BRohr@MobasseriLaw.com
**LAW OFFICES OF ROBERT B. MOBASSERI, PC**
1055 W. 7th Street, Suite 2140
Los Angeles, California 90017
Tele: (213) 282-2000 | Fax: (213) 282-3000

Attorneys for Plaintiff
DIYAELDEEN EL AKER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| DIYAELDEEN EL AKER,<br><br>    Plaintiff,<br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC; DOES 1 through 10, Inclusive,<br><br>    Defendants | Case No.: 8:20-cv-00141<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of Consumer Legal Remedies Act, California Civil Code Sec. 1750 et seq.<br>2. Violation of Unfair Competition Law, California Business & Professions Code Sec. 17200 et seq.<br><br>DEMAND FOR JURY TRIAL |

### PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND

1.    Plaintiff DIYAELDEEN EL AKER ("Plaintiff") brings this action against Defendants VOLVO CARS OF NORTH AMERICA, LLC (hereafter "Volvo") and DOES 1 through 10, inclusive, and seeks a trial by jury against these defendants.

## JURISDICTION AND VENUE

2. The United States District Court for the Central District of California has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act because there is minimal diversity, the proposed Class and/or Subclasses each exceeds one hundred members, and the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs, per 28 U.S.C. § 1332(d)(2)(A).

3. The United States District Court for the Central District of California can exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) - (c). Volvo does substantial business in the State of California and within this Judicial District, is registered to and is doing business within the State of California, and otherwise maintains requisite minimum contacts with the State of California.

5. Additionally, Volvo distributes Class Vehicles in this District and receives substantial compensation and profits from the sale and lease of Class Vehicles in this District.

## NATURE OF THE CASE

6. This is a class action lawsuit brought by Plaintiff on behalf of himself and a class of current and former owners and lessees of vehicles purchased in California from 2015 to 2019 distributed by VOLVO CARS OF NORTH AMERICA, LLC ("Volvo") and having the model designation XC90 R-Design ("Class Vehicles").

7. This action arises from Volvo's failure to provide a feature in its vehicles despite the feature being listed on the Monroney labels affixed to the vehicles at the time of sale. The 2014 to 2019 XC90 R-Design vehicles were sold at a premium of several thousand dollars due to special features including the missing feature at issue here. The missing feature is described by Volvo as "Power-Side Support Front Seats." Volvo is aware of the omissions and concealments described above. Yet,

Volvo has failed to repurchase vehicles deceptively advertised as having this feature or to, otherwise, take corrective measures.

8. Had Plaintiff and other Class Members known of the omissions and concealments at purchase or lease, Plaintiff and other Class Members would have not bought or leased the Class Vehicles. Plaintiff and the Class Members have suffered injury-in-fact, have incurred damages, and have otherwise been harmed by Volvo's conduct.

9. Plaintiff has served the appropriate demand per Civil Code Section 1782. Volvo responded with an offer of corrective action—repurchase—only regarding Plaintiff, individually.

## GENERAL ALLEGATIONS

**Individual Plaintiff Diyaeldeen El Aker**

10. Plaintiff, a California resident, on May 26, 2018 leased from TKAT, Inc., d/b/a Volvo of Santa Monica, a new 2018 Volvo XC90 R-Design vehicle bearing VIN YV4A22PM9J1367832 ("Vehicle"). As reflected in the lease agreement, the value of the vehicle was $64,402.52, and the total payments due under the 36-month lease was $31,044.55.

11. The R-Design version of the XC90 vehicle marketed by Volvo has commanded a premium of several thousand dollars over lesser models. One selling point of the R-Design version has been a safety and comfort feature in the front seats called "Power Side Support." This feature is supposed to enable drivers and passengers to move the outer portions of the backrest in order to increase the grip of the seat against the body, which is helpful for maintaining control and providing comfort in certain driving conditions.

12. Unfortunately, Volvo failed to install the "Power Side Support" feature. Rather, when customers attempt to utilize that feature, the menu options on the control screen do not contain any commands for the feature, and the vehicles do not in fact have the feature installed.

**The Defendants**

13.     Volvo Cars of North America, LLC ("Volvo"), a Delaware limited liabilit8y company headquartered in New Jersey, is the distributor of Volvo-branded passenger vehicles in North America.

14.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, and thus names them under the provisions of California Code of Civil Procedure § 474.  Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are liable to Plaintiff.  Plaintiff will set forth the true names and capacities of the fictitiously named defendants together with appropriate charging allegations when ascertained.

15.     Any applicable statute(s) of limitations have been tolled by the Volvo's knowing and active concealment and denial of the facts alleged herein.  Plaintiff and the Class Members could not have reasonably discovered the omission of the "power side support" feature.  As a result of the active concealment by Volvo, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## CLASS ALLEGATIONS

16.     Plaintiff brings this action on his own behalf, and on behalf of a California class, consisting of all current and former owners and lessees of 2014 to 2019 XC90 R-Design vehicles distributed by Volvo ("Class"). Excluded from the Class are the Defendants, their affiliates, employees, officers and directors, persons or entities that purchased the Class Vehicles for resale, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the Class definitions based on discovery and further investigation.

17.     Numerosity:  Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown at this time, such information being

in the sole possession of Defendants and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that many thousands of Class Vehicles have been sold and leased in California that are the subject of the Class.

18. Existence and Predominance of Common Questions of Fact and Law: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, whether: (a) The Class Vehicles were sold with a missing "Power Side Support" feature; (b) Volvo knew of the omission, but failed to disclose the omission to its customers and failed to affirmatively offer a repurchase; (c) A reasonable consumer would consider the omission to be material; (d) Volvo should be required to disclose the existence of the omission to all of its customers; and (f) Volvo's conduct violates the Consumer Legal Remedies Act and the California Unfair Competition Law.

19. Typicality: All or substantially all of Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased a Class Vehicle with the omitted feature and so did each member of the Class. Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Volvo's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

20. Adequacy: Plaintiff is an adequate representative because Plaintiff's interests do not conflict with the interests of the Class that Plaintiff seeks to represent, Plaintiff has retained counsel competent and highly experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

21. Superiority: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury

1 | suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by the defendants' conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, inter alia, Mazda's vehicle identification numbers, warranty claims, registration records, and database of complaints.

22. The defendants have acted, and have refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

Violation of the Consumer Legal Remedies Act,

California Civil Code Sections 1750 et seq.

(On behalf of Plaintiff, individually, and as representative of the Class,

Against all Defendants including all DOES)

23. Plaintiff and Class Members incorporate each and every allegation set forth in the preceding paragraphs of this Complaint.

24. The Vehicle constitutes "goods" bought for primarily personal, family, or household purposes per Civil Code §1761(a). Plaintiff and the Class are "consumers" per Civil Code § 1761(d). The advertisement and sale of the Class Vehicles to Plaintiff and the Class was a "transaction" per to Civil Code § 1761(e).

25. Volvo violated the Consumers Legal Remedies Act as follows: misrepresenting the source, sponsorship, approval, or certification of goods or services (Civil Code § 1770(a)(2)); representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have (Civil Code § 1770(a)(5)); representing that goods or services are of a particular standard, quality, or grade, if they are of another (Civil Code § 1770(a)(7)); advertising goods or services with intent not to sell them as advertised (Civil Code § 1770(a)(9)); representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law (Civil Code § 1770(a)(14)); representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Civil Code § 1770(a)(16)).

26. The above statutory provisions were violated, and Plaintiff and the Class suffered actual damage thereby, due to Volvo's concealments and misrepresentations as described above. Moreover, Plaintiff and the Class would not have acquired the Class Vehicles if Volvo had been forthright in their disclosures. Plaintiff and the Class seek an order prohibiting Volvo from engaging in the acts described above in this Complaint, as well as an order requiring Volvo to identify or make a reasonable attempt to identify all consumers similarly situated including, but not limited to, reviewing all sales contracts and lease contracts and/or repair estimates and repair invoices for the last four years to determine any and all instances of the acts and practices as set forth above. Plaintiff and the Class are informed and believe that the activities and unlawful acts constitute a pattern and practice of doing business in violation of Civil Code § 1770 and present a continuing threat to members of the public which will not cease until an injunction is issued by this Court.

27. Plaintiff and the Class also seek pursuant to Civil Code § 1780, in addition to the injunctive remedies set forth above, actual, consequential and incidental

damages, rescission and restitution, attorney's fees and other litigation costs, plus punitive damages. Volvo acted with fraud towards Plaintiff and the Class, within the meaning of Civil Code § 3294, by willfully concealing the fact that an important feature was omitted from the Class Vehicles, thereby entitling Plaintiff to an award of punitive damages. The defendants' corporate officers, directors, or managing agents personally acted with fraud, had advance knowledge of the unfitness of the employees who acted with fraud; employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the fraudulent conduct.

## SECOND CAUSE OF ACTION

Violation of Unfair Competition Law;

California Business and Professions Code Section 17200 et seq.

(On behalf of Plaintiff, individually, and as representative of the Class,

Against all Defendants including all DOES)

28. Plaintiff and Class Members incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

29. The wrongful acts of Volvo as alleged herein constitute unlawful business practices within the meaning of Business and Professions Code § 17200, et seq., as such acts and practices have deceived and/or are likely to deceive members of the consuming public, continue to the present day, and also present a continuing threat to Plaintiff, to Class Members, and to the general public.

30. Plaintiff and Class Members seek an order from this Court enjoining such acts and ordering a corrective advertising campaign and to institute corrective policies and procedures. Plaintiff and Class Members additionally request an order from the Court requiring restitution so as to prevent Honda from benefiting from the practices that constitute unfair competition or the use or employment of any monies resulting from the sale of such misrepresented goods and requiring the payment of restitution

of any monies as may be necessary to restore to any person any money or property which may have been acquired by means of such acts of unfair competition.

**WHEREFORE**, Plaintiff and Class Members pray for judgment as follows:

1. For actual, incidental and consequential damages and restitution per the First and Second Causes of Action,
2. For rescission and other appropriate injunctive relief per the First and Second Causes of Action;
3. For punitive damages per the First Cause of Action;
4. For pre-judgment interest at the maximum legal rate;
5. For reasonable and statutory attorney's fees and other costs of suit;
6. Any other relief as the Court deems just and proper.

Dated: January 22, 2020        LAW OFFICES OF ROBERT B. MOBASSERI, PC

By: /s/ Robert B. Mobasseri
    Robert B. Mobasseri

9
COMPLAINT